JOHN A. AND GERALDINE C. RUDD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rudd v. Commissioner
Docket No. 21794-93
United States Tax Court
T.C. Memo 1995-350; 1995 Tax Ct. Memo LEXIS 347; 70 T.C.M. (CCH) 223; July 31, 1995, Filed *347 Decision will be entered for respondent. John A. and Geraldine C. Rudd, pro se. For respondent: Shuford A. Tucker, Jr. and Charles Pillitteri. COHEN
COHEN
MEMORANDUM OPINION COHEN, Judge: Respondent determined deficiencies of $ 10,937.72 and $ 2,303.00 in petitioners' Federal income taxes for 1990 and 1991, respectively. The sole issue for decision is whether petitioners timely filed an Election by a Small Business Corporation (Form 2553), electing S corporation status for Blackberry Patch of Tallahassee, Inc. (Blackberry Patch), for the years in issue. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue. Background
All of the facts have been stipulated, and the stipulated facts are incorporated as our findings by this reference. Petitioners resided in Tallahassee, Florida, at the time they filed their petition. Prior to July 20, 1990, Blackberry Patch was operated as a sole proprietorship by petitioner Geraldine C. Rudd (Mrs. Rudd). Blackberry Patch was incorporated on July 20, 1990. The principal business of Blackberry Patch consists of manufacturing, processing, producing, and packing fruit preserves, jellies, *348 jams, and related products. All of the stock of Blackberry Patch is owned by petitioners. Mrs. Rudd is and has been the only director, president, and secretary/treasurer of Blackberry Patch. At the first meeting of the board of directors of Blackberry Patch, it was resolved that Blackberry Patch elect S corporation status and file Form 2553 with the Internal Revenue Service Center in Chamblee, Georgia. The president of Blackberry Patch was authorized to execute the Form 2553, and the Form 2553 was to be executed by petitioners as shareholders, reflecting their consent to the election. Petitioners intended to file the Form 2553 in time for the election to be effective for the first taxable year of Blackberry Patch, ending December 31, 1990. Respondent did not receive a Form 2553 for Blackberry Patch on a timely basis for the election to be effective for either 1990 or 1991. Respondent eventually received a resubmitted Form 2553 for Blackberry Patch on a timely basis for the election to be effective for 1992 and subsequent taxable years. Petitioners were unfamiliar with corporate and tax law, and they relied on their attorney, Marion D. Lamb, III, and accountant, Terry F. Prince. *349 Petitioners cannot recall whether they signed a Form 2553 or whether they mailed a Form 2553 to respondent in time for the election to be effective for 1990 or 1991. Regarding documents and materials relating to Blackberry Patch, petitioners simply signed whatever their attorney and accountant told them to sign. Petitioners' accountant assumed that a Form 2553 was filed for Blackberry Patch based on the corporate minutes. Petitioners' attorney failed to respond to petitioners' attempts to contact him about the S corporation status of Blackberry Patch. Petitioners filed joint Federal income tax returns for 1990 and 1991. On each return, they deducted on Schedule E losses attributed to Blackberry Patch. At the time that they filed their Federal income tax returns for 1990 and 1991, petitioners believed that a Form 2553 had been filed for Blackberry Patch. Discussion
Sections 1361 through 1368 provide special rules for tax treatment of S corporations and their shareholders. Eligibility under those rules requires the filing of a valid election under section 1362. Petitioners concede in the stipulation that they have no evidence that the Form 2553 that they believed was filed on *350 behalf of Blackberry Patch in order to elect S corporation status for 1990 and 1991 was timely filed. In order to be effective, a Form 2553 must actually be filed. In the absence of proof of delivery to the Internal Revenue Service, no election can be recognized by the Court. See ; ; ; . Decision will be entered for respondent.